IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SILVER STEER, INC., d/b/a
Zona Rosa Nightclub,

Petitioner/Plaintiff,

v.

CIVIL ACTION NO.: 2:08-CV-136-MEF

THE CITY OF CLANTON, ALABAMA,

Respondent/Defendant.

**MOTION TO DISMISS**

The City of Clanton, Alabama files this, its Motion to Dismiss the Complaint for Injunctive Relief, and says:

1. A nearly identical action is pending in the Circuit Court of Montgomery County, Alabama. See Silver Steer, Inc. d/b/a Zona Rosa Nightclub v. the Alabama Alcoholic Beverage Control Board and the City of Clanton, Alabama, Civil Action Number CV-2008-900088, attached hereto as **Exhibit 1**.

Silver Steer, Inc. d/b/a Zona Rosa Nightclub filed its Complaint and/or Petition for Judicial Review and/or Motion for Preliminary Injunction against the Alabama Alcoholic Beverage Control Board and the City of Clanton, Alabama due to an allegedly unlawful revocation of the Zona Rosa Nightclub's liquor license on or about February 5, 2008; Defendant City of Clanton filed its Motion to Dismiss the same on or about February 26, 2008, only one day before Plaintiff filed its

Complaint for injunctive relief in this Honorable Court.  Id.

"Federal courts are reluctant to interfere unnecessarily with state court litigation."  22A Am. Jur. 2d *Declaratory Judgments* § 44 (2008) citing Samuels v. Mackell, 401 U.S. 66 (1971).  In fact, "a court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C.A. § 2283.  The 11th Circuit clarified, "in in personam actions, federal courts may not enjoin pending state proceedings over the same subject matter.  In fact, even if there is a danger that the state court might decide first and thereby deprive the federal judiciary from resolving the matter because of res judicata, injunctions of state court actions still are not allowed." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1103 (11th Cir. 2004) ("the federal court's power to enjoin . . . state proceedings was based on its need to protect its judgment, not to protect its ability to rule prospectively in ongoing litigation.  Id. at 1103 n.15.).

It should also be noted that when federal and state proceedings involve substantially the same parties and substantially the same issues, a federal court may invoke the Colorado River Abstention Doctrine.  Ambrosia Coal and Const. Co. v. Pages Morales, 368 F.3d 1320, 1329-30 (11th Cir. 2004); See Colorado River

Water Conservation Dist. v. U. S., 424 U.S. 800 (1976).  "In interpreting Colorado River and its progeny, this court has catalogued six factors that must be weighed in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights."  Id. at 1331.  In addition, "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River."  Id.  It is also important to include in the inquiry whether there is a federal statute that shows a policy favoring abstention.  Id.  When formulating its decision, "the factors must be considered flexibly and pragmatically," by the court.  Id. at 1332.

In the instant suit, the parties are one in the same as those in the state court suit; the Plaintiff, Silver Steer, Inc. d/b/a/ Zona Rosa Nightclub filed its action against the City of Clanton, Alabama but omitted to name the Alabama Alcoholic Beverage Control Board, which is a Defendant in the State Court action.  Upon information and belief, the Plaintiff's action against Alabama Alcoholic Beverage Control Board has been remanded to the Alabama Alcoholic Beverage Control Board to be handled; no resolution has been issued as it pertains to the City of

Clanton, Alabama, however, as the City only yesterday, February 26, 2008, filed its Motion to Dismiss.

Alabama State Court is the proper forum for this matter to be heard based on the following:

A. The Plaintiff chose to file the case in Alabama State Court prior to filing again in this federal forum;

B. The federal forum is inconvenient to the Defendant, an Alabama municipal corporation;

C. There is a great likelihood for piecemeal litigation, particularly because the Plaintiff now filed in this federal forum and chose not to file against all Defendants (the Alabama Alcoholic Beverage Control Board) Plaintiff filed against in the State Court action;

D. The State Court obtained jurisdiction prior to the federal forum;

E. While this is an action stemming from an alleged violation of the Plaintiff's 42 U.S.C. § 1983 rights, Terrell v. City of Bessemer 406 So. 2d 337, 340 (Ala. 1981) stands for the notion that venue is proper where State Courts of Alabama are required to accept jurisdiction of claims brought under 42 U.S.C. § 1983, when the Plaintiff alleges a 42 U.S.C. § 1983 cause of action and selects a State Court as his or

her forum of choice, which the Plaintiff in the instant case *did*;

F. The State Court is more than adequate to protect the parties' rights; the Plaintiff chose to file there, and the Defendant wishes to continue to proceed with the action in State Court;

G. Proceeding to litigate this issue in federal court is vexing to this Defendant, as two exact cases will be litigated at the same time, which will act as a *substantial* drain on the time and resources of the City of Clanton, Alabama, a municipality with no extra funds to allocate or time to spare to handle such an undertaking - particularly when it is unnecessary to do so;

H. While the Defendant does not refer to a federal statute that shows a policy favoring abstention, the Terrell case, cited above, clarified that an Alabama State Court is the proper location for a case such as this to be heard, particularly where it is determined by the Plaintiff's own selection.

If this federal forum takes action to grant the Plaintiff's request for "injunctive relief," it will act to unlawfully stay the proceedings of the Alabama State Court in violation of 28 U.S.C.A. § 2283 and 11th Circuit case law as described more fully above.

In sum, the Plaintiff wishes to push this matter to be heard as quickly as possible, and is hastily making its case before any Court that may be able to hear it. However, it is not the proper action of this federal forum to hear Plaintiff's arguments for injunctive relief. Based on Colorado River and Alabama Law as set forth above, this Honorable Court should abstain from ruling on the same in favor of allowing the case to proceed in due course in Alabama State Court.

2. The issue in this matter is an alleged unlawful revocation of the Plaintiff's liquor license. However, the following clarifications *must* be made:

A. The Plaintiff's liquor license *expired* on September 30, 2007.

B. The Plaintiff did not file any request for a liquor license on or after September 30, 2007.

C. Any allegation made by the Plaintiff that the Defendant unlawfully revoked its liquor license is an impossibility, because the Plaintiff did not have a liquor license to revoke.

D. A correct statement of what occurred is contained in the Clanton Advertiser newspaper report that is attached to Plaintiff's Complaint as Exhibit C.

E. As of this very day, the Plaintiff does not have a current Clanton City

liquor license, not because it was "revoked" by the City, but because the Plaintiff's license expired on September 31, 2007.

Therefore, the Plaintiff is arguing a moot point. The Plaintiff had no active liquor license to revoke. The City of Clanton took no action against the Plaintiff. As such, this matter is due to be dismissed from this federal forum.

Following are the Defendant's various additional contentions in support of its Motion to Dismiss (1 & 2 are above; 3 begins below):

3. The Complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff has failed to strictly comply with § 11-47-23 and § 11-47-192, CODE OF ALABAMA, 1975, as amended ("CODE").

5. The Complaint fails to state a claim upon which relief can be granted pursuant to § 11-47-190, CODE.

6. The Complaint fails to state a claim for an alleged violation of Plaintiff's rights pursuant to 42 U.S.C. § 1983 upon which relief can be granted.

7. The Complaint fails to state a claim upon which relief can be granted pursuant to the doctrine of Respondeat Superior.

8. The Plaintiff has failed to state a claim for punitive damages upon

which relief can be granted.

9.     The Complaint is barred by the pertinent statute of limitations and/or
       the doctrine of laches.

10.    The Plaintiff has failed to join necessary and indispensable parties to
       this action.

11.    The Defendant contests the form and sufficiency of process and of
       service of process.

12.    The Plaintiff lacks standing to bring this cause of action.

13.    Defendant pleads all available doctrines of immunity and privilege.

14.    The Complaint fails to state a claim for an alleged violation of
       Plaintiff's due process rights upon which relief can be granted.

15.    The Defendant is immune from punitive damages in this action.

16.    The Defendant pleads § 6-11-26 of the CODE OF ALABAMA (1975).

17.    The Plaintiff has failed to mitigate its damages.

18.    The Defendant pleads all forms and doctrines of waiver and estoppel.

19.    The Defendants plead all defenses, immunities and indemnities as
       provided by § 11-47-190, et seq., CODE OF ALABAMA (1975).


20.    This Honorable Court lacks jurisdiction to hear the matters plead in

Plaintiff's Complaint. In the alternative, this Court should exercise its discretion and decline this case.

21. The Plaintiff has failed to state a claim for attorneys fees upon which relief can be granted.

22. The Plaintiff has failed to state a claim for costs upon which relief can be granted.

23. The Plaintiff has failed to do equity.

24. This lawsuit is barred by the doctrine of unclean hands.

25. The plaintiff has failed to exhaust all available administrative remedies.

26. Each and every action taken by the City was taken with the good faith belief that it was legal and lawful at the time so taken.

27. The Defendant reserves its right to amend this Motion to Dismiss during the discovery process.

**ORAL ARGUMENT REQUESTED**

/s/ James W. Porter, II

James W. Porter II, one of the attorneys
for Defendant, The City of Clanton
State Bar ID ASB 3314 T79J
State Code POR001

  /s/ Christy Lynn Sherbrook
Christy Lynn Sherbrook, one of the attorneys for Defendant, The City of Clanton
State Bar ID ASB 2409 H65S
State Code SHE094

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744

*CERTIFICATE OF SERVICE*

I do hereby certify that on the **27th day of February, 2008** a copy of the above and foregoing was served by copy of same using the Ala Court E-Filing System. For any of the service members listed as not served by the Ala Court E-Filing system, I do hereby certify that a copy of the above and foregoing will be served by placing a copy of same in the U.S. Mail with proper postage prepaid by the filer listed below.

James S. Ward
Kenneth Joe Wilson, Jr.
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209

/s/ James W. Porter, II
OF COUNSEL

FILED
2/5/2008 4:44 PM
CV-2008-900088.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

DEFENDANT'S EXHIBIT 1

| | | |
|---|---|---|
| **SILVER STEER, INC., d/b/a Zona Rosa Nightclub,** | ) | |
| **Petitioner** | ) | |
| **v.** | ) | **Civil Action No.: CV-2008-900088.00** |
| **ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD, and THE CITY OF OF CLANTON, ALABAMA** | ) | |
| **Respondent.** | ) | |

---

**AMENDED COMPLAINT AND/OR**
**AMENDED PETITION FOR JUDICIAL REVIEW AND**
**MOTION FOR PRELIMINARY INJUNCTION**

---

COMES NOW the Plaintiff, SILVER STEER, INC., d/b/a Zona Rosa Nightclub, by and through its undersigned attorney of record and amends its previously filed PETITION FOR JUDICIAL REVIEW as follows:

1. Plaintiff adopts and incorporates its previously filed PETITION FOR JUDICIAL REVIEW and MOTION FOR EXPEDITED HEARING as if fully set forth herein.

2. Plaintiff amends its PETITION FOR JUDICIAL REVIEW to add THE CITY OF CLANTON, ALABAMA, as a party defendant, and to add the following:

COUNT TWO

3. Plaintiff adopts and incorporates each of the preceding paragraphs as if fully set forth herein.

RECEIVED
FEB 1 1 2008
By

4. Defendant, City of Clanton, Alabama (herein the "City") is an incorporated municipality located within Chilton County, Alabama.

5. This is an action to redress the past deprivation and prevent the future deprivation by the Defendants ABC Board and the City, their officers, agents, servants, employees and attorneys and upon those persons in active concert or participation with them, acting under color of state law and/or ordinance of rights, privileges and immunities secured by the Constitutions of the United States and the State of Alabama, namely 42 U.S.C. § 1983, the due process clause of the Fourteenth Amendment and Alabama Const. Art. I, § 13.

6. Plaintiff holds and at all times relevant hereto has been the holder of a club liquor license (Type 032) issued by the Defendant Alabama Alcoholic Beverage Control Board (herein the "ABC Board"). Moreover, Plaintiff holds and at all times relevant hereto has been the holder of a similar license issued by the City pursuant to the City's Alcoholic Beverages Ordinance.

7. On or about January 14, 2008, the City Council for the City of Clanton met in regular session at the Clanton City Hall. Present at said meeting were Mayor Billy Joe Driver and Councilmembers Ronald Porter, Ann Baker, Elem Hill, Robert K. Easterling and Mary Mell Smith.

8. During the course of said council meeting a resolution was passed revoking the "club license" for Silver Steer, Inc. The resolution in its entirety reads as follows:

> *COUNCILMEMBER SMITH MADE THE MOTION TO REVOKE THE CLUB LICENSE FOR SILVER STEER, INC. DOING BUSINESS AS ZONA ROSA DUE TO NUMEROUS VIOLATIONS OF THE CITY'S RULES FOR OPERATING A CLUB. THE MOTION WAS SECONDED BY COUNCILMEMBER HILL, VOTE IN FAVOR WAS UNANIMOUS.*

See Minutes from January 14, 2008 Regular Meeting of City Council of the City of Clanton attached.

RECEIVED
FEB 1 1 2008
By

hereto as Exhibit "A."

9. The minutes do not reflect the specific "violations" that are alleged to have occurred and instead only vaguely reference "numerous violations of the City's rules for operating a club." No rule number or Code section is referenced. In fact, the record is completely devoid of even any non-specific or general allegations regarding Plaintiff's business posing a threat to the welfare, health, peace or morals of the people of the City.

10. The minutes do not reflect that Silver Steer, Inc. was given prior notice of the revocation hearing or that the council was to consider revoking the "club license" and in fact no such prior notice was given. Plaintiff learned of the "revocation" after-the-fact by virtue of a newspaper article printed in the Clanton Advertiser on January 15, 2008, a copy of which is attached hereto as Exhibit "B."

11. Moreover, Plaintiff was not notified of the ordinances under which the City pursued revocation or that Plaintiff would have an opportunity to present evidence and call witnesses or given an opportunity to defend or refute the charges. In fact Plaintiff was given no such opportunity.

12. Plaintiff was, is and remains unaware as to what "violations" the City alleges have occurred. In fact, subsequent to January 14, 2008, the Plaintiff by and through its attorneys has made formal requests upon the City that the City provide Plaintiff with the basis for its decision to revoke the "club license" and all lawful authority upon which the decision was based. See January 24, 2008, letter from Plaintiff's council to council for the City of Clanton attached hereto as Exhibit "C."

13. <u>The City has failed and/or refused to provide a response of any kind</u>. As such, not only did the City fail to provide Plaintiff with prior notice and an opportunity to hear and defend the

RECEIVED
FEB 11 2008
By

charges prior to the City's action, the City has furthermore deprived Plaintiff of its constitutional right to be made aware of the basis of the Council's decision and the laws, rules and/or regulations that Plaintiff is alleged to have violated.

14. Moreover, on or about January 15, 2008, Defendant City of Clanton corresponded with the ABC Board stating and notifying the ABC Board that the City had "revoked the club license" for Silver Steer, Inc. See January 15, 2008 letter from Clanton City Clerk Debra Orange to the ABC Board, a copy of which is attached hereto as Exhibit "D."

15. The ABC Board has asserted said letter and the license revocation referenced therein as grounds for its Motion to Dismiss filed in this action, claiming that to conduct the Judicial Review sought therein would be "a waste of the Court's time and resources unless and until the petitioner has acquired a general retail business license." See Defendant ABC Board's Motion to Dismiss at Paragraph 8. In fact, Plaintiff was unaware of such notification and learned of it only by virtue of the same being submitted as an attachment to Defendant ABC Board's Motion to Dismiss.

16. Stated another way, the City has put the proverbial noose around Plaintiff's neck while the ABC Board kicked the horse from underneath the Plaintiff.

17. The City's Alcoholic Beverage Ordinance, a copy of which is attached hereto in its entirety as Exhibit "E," makes no specific provisions for revocation proceedings. However, there is no question but that the City is without the authority to arbitrarily revoke the Plaintiff's club license or otherwise suspend Plaintiff's due process rights in connection with a license revocation. See Constitution of the United States, Amendment XIV; Alabama Const. Art. I, § 13; Sanders v. City of Dothan, 642 So. 2d 437 (ala. 1994); O'Bar v. Town of Rainbow City, 269 Ala. 247, 112 So. 2d

RECEIVED
FEB 11 2008
By ____

790 (Ala. 1959); Cavu Club v. City of Birmingham, Ala., 110 So.2d 307; City of Birmingham v. Bollas, 209 Ala. 512, 96 So. 591; Richardson v. Reese, 165 Tenn. 661, 57 S.W.2d 797; Friedland v. Ingersoll, 249 App.Div. 623, 291 N.Y.S. 32; 33 Am.Jur., Licenses, § 65; 53 C.J.S. Licenses § 42; 18 Ala.Lawyer 132, 137; 3 McQuillin, Mun.Corp., 2d Ed., 1108.

18. Plaintiff has been aggrieved by the City's revocation of Plaintiff's "club license" in that said decision deprives Plaintiff of life, liberty or property without due process of law; was unjust, arbitrary, capricious and unreasonable; conclusory; not supported by substantial evidence; was or is characterized by an abuse of discretion or a clearly unwarranted exercise of discretion; was deficient in that the City acted beyond the power conferred upon it by law and the decision did not comply with applicable statutory requirements. In this regard, the City's decision has wrongfully frustrated Petitioner's ability to lawfully operate its business and prohibited the same.

19. Defendant City's revocation of Plaintiff's "club license" under the circumstances described herein was violative of 42 U.S.C. § 1983 and deprives Plaintiff of its rights under the due process clause of the Fourteenth Amendment of the U.S. Constitution and Alabama Const. Art. I, § 13.

20. The manner in which the determination was made is not in accordance with constitutional standards of due process and equal protection. The revocation of Plaintiff's license did not meet applicable constitutional standards and, since done under color of state statute, constitute a violation of 42 U.S.C. § 1983. Covin v. Alabama Board of Examiners in Counseling, 712 So. 2d 1103 (Ala.Civ.App. 1999); Ex Parte Alabama Board of Examiners in Counseling, et al., 796 So. 2d 355 (Ala. 2000).

RECEIVED
FEB 11 2008
By

21. Furthermore, the ABC Board's unilateral acceptance and adoption of the City's unconstitutional revocation of Plaintiff's license and assertion of the same as grounds for its Motion to Dismiss amounts to a thinly disguised attempt to deprive Plaintiff of its constitutional right to an appeal of the Administrative Agency decision made the subject of Plaintiff's Petition for Judicial Review.

22. Specifically, ALA. CODE (1975) § 41-22-20 provides that "[A] person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case ***is entitled to judicial review under this chapter***." Code of Ala. § 41-22-20(a)(emphasis added).

23. In filing its Motion to Dismiss, the ABC Board apparently has taken the position that the provisions of § 41-22-20(a) have been suspended by virtue of the City's unconstitutional revocation of Plaintiff's license. Such is in and of itself an unconstitutional deprivation of Plaintiff's rights under ALA. CODE (1975) § 41-22-20, the due process clause of the Fourteenth Amendment and Alabama Const. Art. I, § 13.

24. The conduct of both the City and the ABC Board and the actions and decisions set forth more fully hereinabove were undertaken with malice and in bad faith.

25. That unless the Court enters an Order directing that the City and the ABC Board reinstate Plaintiff's "club license" and/or club liquor license (Type 032), the Plaintiff will suffer the aforementioned irreparable harm.

WHEREFORE, Plaintiff prays the Court to grant unto the Plaintiff the following relief as to the ABC Board and the City, their officers, agents, servants, employees and attorneys and upon those

RECEIVED
FEB 11 2008
By

persons in active concert or participation with them:

A. To set aside the City's said decision and hold it for naught;

B. To stay the revocation of Plaintiff's "club license" and/or club liquor license (Type 032) pending a full hearing in this Honorable Court;

C. To enter an Order directing the City to reinstate Plaintiff's "club license" and/or club liquor license (Type 032);

D. To set this matter for hearing so that a preliminary injunction may be entered pursuant to ARCP 65 as set forth above;

E. To award Plaintiff such other, further, or different relief as may be just and proper; and

F. To require the Defendants to pay the costs of these proceedings.

/s/ Kenneth Joe Wilson, Jr.
JAMES S. WARD
KENNETH JOE WILSON, JR.
Attorney for Petitioner
WARD & WILSON, L.L.C.
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209

*Silver Steer, Inc. v. Alabama Alcoholic Bev. Control Bd.*
*Circuit Court of Montgomery County, Alabama*
*Civil Action No.: CV-2008-900088.00*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following by facsimile this the 5th day of February, 2008.

Robert L. Martin, III
Alabama Alcoholic Beverage Control Board
2715 Gunter Park Drive West
Montgomery, AL 36101

/s/ Kenneth Joe Wilson, Jr.
OF COUNSEL

SERVE THE DEFENDANT CITY OF CLANTON AT:
CITY OF CLANTON
Clanton City Hall
Clanton, AL 35045

RECEIVED
FEB 11 2008
By