IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SILVER STEER, INC., d/b/a
      Zona Rosa Nightclub,

      Petitioner/Plaintiff,

v.                                                    CIVIL ACTION NO.: 2:08-CV-136-MEF

THE CITY OF CLANTON, ALABAMA,

      Respondent/Defendant.

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The City of Clanton, Alabama files this, its Reply to Plaintiff's Response to

Defendant's Motion to Dismiss the Complaint for Injunctive Relief, and says:

**I.**    **This Honorable Court should abstain from hearing the instant case, due to its pendency in Circuit Court.**

    **A.**    **Background:**    **A nearly identical action is currently pending in the Circuit Court of Montgomery County, Alabama**

1.    A nearly identical action is pending in the Circuit Court of

Montgomery County, Alabama.  See Silver Steer, Inc. d/b/a Zona Rosa Nightclub

v. the Alabama Alcoholic Beverage Control Board and the City of Clanton,

Alabama, Civil Action Number CV-2008-900088, attached to Defendant's Motion

to Dismiss as **Exhibit 1**.

2.    Silver Steer, Inc. d/b/a Zona Rosa Nightclub filed its Complaint

and/or Petition for Judicial Review and/or Motion for Preliminary Injunction

against the Alabama Alcoholic Beverage Control Board and the City of Clanton,

Alabama due to an allegedly unlawful revocation of the Zona Rosa Nightclub's

liquor license on or about February 5, 2008; Defendant City of Clanton filed its

Motion to Dismiss the same on or about February 26, 2008, only one day before

Plaintiff filed its Complaint for injunctive relief in this Honorable Court. Id.   On

or about February 28, 2008, Defendant filed its Answer and filed on March 11,

2008 its Motion to Transfer Venue, both  in Montgomery County Circuit Court.

3.     In the instant suit, the parties are one in the same as those in the state

court suit; the Plaintiff, Silver Steer, Inc. d/b/a/ Zona Rosa Nightclub filed its

action against the City of Clanton, Alabama, but omitted to name the Alabama

Alcoholic Beverage Control Board, which is a Defendant in the State Court action.

Upon information and belief, the Plaintiff's action against the Alabama Alcoholic

Beverage Control Board has been remanded to the Alabama Alcoholic Beverage

Control Board to be handled.   Plaintiff's State case against the City of Clanton,

Alabama, however, has not been remanded and is going forward; the hearing on

Defendant City's Motion to Dismiss is set for March 18, 2008.

**B.     The "Anti-injunction Statute" prohibits this Court from enjoining the pending state court action**

4.     "Federal courts are reluctant to interfere unnecessarily with state court

2

litigation." 22A Am. Jur. 2d *Declaratory Judgments* § 44 (2008) citing <u>Samuels v. Mackell</u>, 401 U.S. 66 (1971). In fact, "a court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. § 2283. The 11th Circuit clarified, "in in personam actions, federal courts may not enjoin pending state proceedings over the same subject matter. In fact, even if there is a danger that the state court might decide first and thereby deprive the federal judiciary from resolving the matter because of res judicata, injunctions of state court actions still are not allowed." <u>Klay v. United Healthgroup, Inc.</u>, 376 F.3d 1092, 1103 (11th Cir. 2004) ("the federal court's power to enjoin . . . state proceedings was based on its need to protect its judgment, not to protect its ability to rule prospectively in ongoing litigation. <u>Id.</u> at 1103 n.15.). As such, this Court should *not* take action to enjoin the pending state court proceedings.

C.    **The *Colorado River* Abstention Doctrine allows this Court to abstain from hearing the instant case**

5.    When federal and state proceedings involve substantially the same parties and substantially the same issues, a federal court may invoke the <u>Colorado River</u> Abstention Doctrine. <u>Ambrosia Coal and Const. Co. v. Pages Morales</u>, 368 F.3d 1320, 1329-30 (11th Cir. 2004); <u>See</u> <u>Colorado River Water Conservation Dist. v. U. S.</u>, 424 U.S. 800 (1976). "In interpreting <u>Colorado River</u> and its progeny,

3

this court has catalogued six factors that must be weighed in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." Id. at 1331. In addition, "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River." Id. It is also important to include in the inquiry whether there is a federal statute that shows a policy favoring abstention. Id. When formulating its decision, "the factors must be considered flexibly and pragmatically," by the court. Id. at 1332.

6.     Alabama State Court is the proper forum for this matter to be heard based on the following:

i.     The Plaintiff chose to file the case in Alabama State Court prior to filing again in this federal forum;

ii.    The federal forum is inconvenient to the Defendant, an Alabama municipal corporation;

iii.   There is a great likelihood for piecemeal litigation, particularly

because the Plaintiff now filed in this federal forum and chose not to

file against all Defendants (the Alabama Alcoholic Beverage Control

Board) Plaintiff filed against in the State Court action;

iv.    The State Court obtained jurisdiction prior to the federal forum;

v.     While this is an action stemming from an alleged violation of the

Plaintiff's Constitutional rights pursuant to 42 U.S.C. § 1983, <u>Terrell</u>

<u>v. City of Bessemer</u> 406 So. 2d 337, 340 (Ala. 1981) stands for the

notion that venue is proper where State Courts of Alabama are

required to accept jurisdiction of claims brought under 42 U.S.C. §

1983, when the Plaintiff alleges a 42 U.S.C. § 1983 cause of action

and selects a State Court as his or her forum of choice, which the

Plaintiff in the instant case *did*;

vi.    The State Court is more than adequate to protect the parties' rights;

the Plaintiff chose to file there, and the Defendant wishes to continue

to proceed with the action in State Court;

vii.   Proceeding to litigate this issue in federal court is vexing to this

Defendant, as two exact cases will be litigated at the same time, which

will act as a *substantial* drain on the time and resources of the City of

Clanton, Alabama, a municipality with no extra funds to allocate or

time to spare to handle such an undertaking - particularly when it is

unnecessary to do so;

viii.    While the Defendant does not refer to a federal statute that shows a

policy favoring abstention, the <u>Terrell</u> case, cited above, clarified that

an Alabama State Court is the proper location for a case such as this to

be heard, particularly where it is determined by the Plaintiff's own

selection.

7.    In sum, the Plaintiff wishes to resolve this matter as quickly as

possible and is hastily making its case before any Court that may be able to hear it.

However, it is not the proper action of this federal forum to hear Plaintiff's case.

Based on <u>Colorado River</u> and Alabama Law as set forth above, this Honorable

Court should abstain from making any ruling on the same in favor of allowing the

case to proceed in due course in Alabama State Court.

**II.    This case is due to be dismissed, as Plaintiff had no valid liquor (or "club")
license to revoke.**

    **A.    Background:    Plaintiff has no valid liquor (or "club") license to
revoke**

8.    The issue in this matter is an alleged unlawful revocation of the

Plaintiff's liquor (or "club") license.  However, the following clarifications *must* be

made:

i.      The Plaintiff's liquor (or "club") license *expired* on or about September 30, 2007. See City of Clanton Alcoholic Beverage License 2006-2007 (noting "Class II Club Liquor") attached to Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "Plaintiff's Response") as **Exhibit C**.

ii.     The Plaintiff did not file any request for a liquor (or "club") license on or after September 30, 2007 until sometime in January 2008 and sometime in February 2008. See Affidavit of Debra Orange, City Clerk, attached hereto as **Exhibit 1.**[1]

iii.    The Clanton City Clerk did not sell the Plaintiff a liquor (or "club") license for the Silver Steer, Inc. d/b/a Zona Rosa Nightclub in January 2008, as the Mayor told the City Clerk not to renew said club license until after the City Council met and decided what action it wanted to take as it pertains to the Silver Steer, Inc. d/b/a Zona Rosa Nightclub.

---

[1] The Plaintiff attached two Affidavits of Mr. Sultan, manager and operator of the Zona Rosa Nightclub to its Response to Defendant's Motion to Dismiss. See **Exhibits D and F** attached to Plaintiff's Response. In his Affidavit marked **Exhibit D**, Mr. Sultan claimed to have visited the City Clerk's office twice in 2007 attempting to attain a 2007-2008 liquor (or "club") license for the Zona Rosa, once in the "Fall" and once "near Christmas time." Each time, Mr. Sultan claims that the City Clerk refused to accept his check and refused to explain her denial of his request.

The Defendant contests the Plaintiff's assertion that Mr. Sultan visited the City Clerk in fall and winter of 2007 in an attempt to attain a 2007-2008 license, particularly because the City Council Meeting Minutes are silent as it pertains to the Zona Rosa Night Club *until January of 2008*.

<u>See</u> Affidavit of Debra Orange, **Exhibit 1.**

iv.   The Clanton City Clerk did not sell the Plaintiff a liquor (or "club")

license for the Silver Steer, Inc. d/b/a Zona Rosa Nightclub on

February 28, 2008, as the City Council voted not to issue a new club

license to said club.  <u>See</u> Affidavit of Debra Orange, **Exhibit 1.**

v.    Any allegation made by the Plaintiff that the Defendant unlawfully

revoked its liquor (or "club") license is an impossibility, because the

Plaintiff did not have a liquor (or "club") license to revoke.

vi.   Further, any mention of an alleged revocation of the Plaintiff's liquor

(or "club") license was clarified when the Clanton City Council

amended the Minutes of the January 14, 2008 City Council Meeting at

the Clanton City Council Meeting of February 25, 2008.  The

February 25, 2008 Minutes pertaining to the Plaintiff state as follows

and are attached hereto as **Exhibit 2:**

> Councilmember Easterling made the Motion to correct the
> Minutes of January 14, 2008 concerning the club license
> for Silver Steer doing business as Zona Rosa because of a
> language error.    The Motion was seconded by
> Councilmember Smith, vote in favor was unanimous.
>
> Councilmember Easterling made the Motion that the City
> Clerk not reissue a club license for Silver Steer doing
> business as Zona Rosa, due to numerous violations of the
> City of Clanton's rules for operating a club, including not

having a current license. The Motion was seconded by Councilmember Smith, vote in favor was unanimous.

vii. Furthermore, a similar statement of what occurred at the City Council Meeting of January 14, 2008 is contained in the <u>Clanton Advertiser</u> newspaper report that was attached to Plaintiff's Complaint as **Exhibit C**.

viii. As of this very day, the Plaintiff does not have a current Clanton City (or "club") liquor license, not because it was "revoked" by the City, but because the Plaintiff's license expired on or about September 30, 2007.

**B.** **The Clanton City Alcoholic Beverages Ordinance is clear: Plaintiff had no liquor (or "club") license-by definition- after September 30, 2007**

9.     "The Ordinance provides that no person shall engage in business as a retailer of malt or brewed beverages in the corporate city limits without first having obtained from the City a license to do such business."  Plaintiff's Response, ¶ 4; <u>See</u> Ordinance, Sec. 3-56(c).  Moreover, "No person shall be granted a license for the sale of alcoholic beverages within the city unless . . . such person pays all the license fees levied under this article."  Ordinance, Sec. 3-57.

10.     "The Ordinance further provides that: 'Such license shall be issued by the city clerk, and shall first be approved by the city council at a regular meeting

thereof before the license shall be valid.  Such license shall be renewed on October 1 of each year thereafter.'"  Id.

11.    "Moreover, the Ordinance provides that it is the City Clerk's duty and responsibility to inform the chief of police of delinquent privilege taxes and licenses under the Ordinance." "  Plaintiff's Response, ¶ 5; See Ordinance, Sec. 3-33.

12.    The Plaintiff recognized in its own Response that "no person shall engage in business as a retailer of malt or brewed beverages in the corporate city limits without first having obtained from the City a license to do such business." Plaintiff's Response, ¶ 4.  Yet, the Plaintiff's representative did not seek to attain a 2007-2008 club license from the City of Clanton until sometime in the "Fall" of 2007.  See Affidavit of Anwar Sultan, **Exhibit D** to Plaintiff's Response. Defendant contests that Mr. Sultan visited the City Clerk's office in an attempt to attain the same, as set forth more fully above.  Nevertheless, even if Mr. Sultan attempted and failed to secure a 2007-2008 license, the Ordinance is clear, that is, that the Plaintiff was acting in violation of the law if and when it engaged in business as a retailer of malt or brewed beverages in the corporate city limits without first having obtained from the City a license to do such business.

13.    Furthermore, the Plaintiff recognized that a liquor (or "club") license

10

"**shall** be renewed on October 1 of each year . . . ." Id. (emphasis added).

However, Plaintiff's agent, Mr. Sultan, did not specify that he requested a 2007-2008 license on or before October 1, 2007; rather he only admitted to requesting the same in the "Fall" of 2007, which the Defendant denies. See Affidavit of Anwar Sultan, **Exhibit D** to Plaintiff's Response.

14.    Finally, the Plaintiff makes it a point to note that it is the City Clerk's duty and responsibility to inform the chief of police of delinquent privilege taxes and licenses under the Ordinance."    Plaintiff's Response, ¶ 5. Both the Plaintiff and Defendant are in agreement, however, that the City Clerk issued a notice that the Plaintiff "needed to pay for Zona Rosa's liquor license." See Affidavit of Anwar Sultan, **Exhibit D** to Plaintiff's Response.

15.    The Clanton City Alcoholic Beverages Ordinance is clear. The City Clerk issued notice that the Plaintiff was to attain a 2007-2008 liquor (or "club") license, as the Plaintiff's  was set to expire on or about September 30, 2007. The Ordinance states that such license  *shall* be renewed on October 1 of each year, or that the non-complying business, if  it engaged in business as a retailer of malt or brewed beverages in the corporate city limits without first having obtained from the City a license to do such business, was *violating the law*. Whether the Plaintiff attempted to secure a license in the Fall of 2007 was irrelevant and is contested by

11

this Defendant. Plaintiff had no liquor (or "club") license to revoke during the

time at issue.

### III. Plaintiff failed to state a claim upon which relief can be granted according to 42 U.S.C. § 1983.

#### A. Plaintiff's procedural and substantive due process claims are unfounded

*Plaintiff had no legitimate claim of entitlement to liquor license*

16.    The Plaintiff is not entitled to a remedy under 42 U.S.C. § 1983 as it

pertains to the issuance of a liquor license. See Arrington v. Dickerson, 915

F.Supp. 1503 (M.D. Ala.1995) (holding that the plaintiff had "no legitimate claim

of entitlement to a liquor license" and that "[a] license to engage in the sale of

intoxicants is merely a privilege with no element of [a] property right . . . ." Id. at

1509.).[2]

---

[2] Defendant cites several cases that refer to notice and or a public hearing/opportunity to be heard before a liquor license was denied and/or revoked. See Plaintiff's Response, ¶¶ 16-17. However, none of those cases stands for the notion that a public hearing/opportunity to be heard **is required** before a council can lawfully deny and/or revoke a liquor license. In fact, contrary to Plaintiff's counsel's claim, one of the cases listed stood starkly absent of the terms "notice" and "hearing." See Crump v. Etowah County, 541 So. 2d 14 (Ala. 1989) (held that denial of liquor license not arbitrary and capricious; there is no mention in the case that the Plaintiff had notice or any particular opportunity to be heard at the Etowah County Commission meeting).

Finally, the Plaintiff alleged in Plaintiff's Response, ¶ 20 that "Plaintiff received absolutely no prior notice of the City's intent to revoke or deny the issuance of its Club license. In fact, Plaintiff received no official notice of the City's actions prior to the January 14, 2008 council meeting, again, only learning of the licensing decision by virtue of a newspaper article." This allegation stands in opposition to the Affidavit of Mr. Sultan and in support of the Affidavit of City Clerk Orange: if Mr. Sultan was denied a license twice, once in the "Fall" and once near "Christmas" of 2007, was the Plaintiff not on notice that something

17.     "In order for [a plaintiff] to state a substantive or procedural due process claim, he must possess a protected property or liberty interest in the issuance of a retail liquor license by the City [defendant.]" Id. at 1508.  "Property interest are not created by the [United States] Constitution but are 'defined by existing rules or understandings that stem from an independent source such as state law' and arise only where the plaintiff demonstrates a 'legitimate claim of entitlement.' Thus, the court must look to the state statute applicable to this case." Id. (internal citations omitted).

> Section 28-3A-11 expressly provides that the governing authority of a municipality must give its consent and approval before a retail liquor license can be issued by the ABC Board if the premises sought to be licensed are located within a municipality. Further, that such requirement is within the legislature's authority to regulate traffic in liquors which power is considerably broader than the state's power to regulate a business not dealing in alcoholic beverages and a public officer exercising a quasi judicial function in granting or refusing to grant a permit or license may not be liable for damages absent a corrupt or malicious motive in the exercise of that function.

Id. citing Ott v. Everett, 420 So.2d 258, 259-60 (Ala.1982) (summarizing ALA. CODE § 28-3A-11).  "[A plaintiff] has no protected property interest in the issuance of a package store retail liquor license by [a] City [defendant] . . . ." Id. at 1509.

18.     Similarly, "[a plaintiff] does not have a liberty interest in obtaining a

---

was amiss?

liquor license." Id. "'A license to engage in the sale of intoxicants is merely a privilege with no element of property right or vested interest of any kind. Selection of the beneficiaries of a mere privilege may be committed to the discretion of the body created for that purpose.' Because a license to sell liquor in Alabama is a privilege not a right, Alabama has extinguished any liberty interest." Id. (internal citation omitted).

19.    The law to be applied in the instant case is that from Arrington v. Dickerson, above. The Plaintiff in the instant case has no more substantive and procedural rights to a liquor license than the Arrington plaintiff possessed, that is, **he had none**. As such, Plaintiff's Complaint is due to be dismissed against the City of Clanton, Alabama.

### *Reason for voting not to reissue club license to Plaintiff not arbitrary and capricious*[3]

20.    The Plaintiff expressed concern in its Response to Defendant's Motion to Dismiss that the "city's own records are utterly devoid of any . . . reason and in fact no such reason has been offered or otherwise cited as an explanation for

---

[3] Plaintiff cited a string of cases in its Response at ¶ 33. However, some of the cases are from outside of Alabama and the 11th Circuit and are therefore not controlling in this case. Of the cases Plaintiff cited coming out of Alabama, none issue from the 11th Circuit. Further, despite standing for the assertion a city is without the authority to arbitrarily revoke the Plaintiff's license, no case stands on point as does Arrington, set forth hereinabove. Also, of the Alabama cases cited by the Plaintiff in its Response at ¶ 33, none overturned the respective city's decision to revoke/not issue/not reissue licenses to the petitioners.

why the city revoked and/or refused to issue and/or renew Plaintiff's Club License." Plaintiff's Response, ¶ 19.[4]

21.    The Ordinance is clear on this issue, however, and needs not to be recited by the members of the City Council: "Failure to continuously meet the requirements of a license specified shall be sufficient reason for revoking the license." Ordinance, Sec. 3-71.

22.    Further, the city Council Meeting Minutes amended on February 25, 2008 clarifies the reason the City Council voted not to reissue a liquor (or "club") license to the Plaintiff: "due to numerous violations of the City of Clanton's rules for operating a club, including not having a current license." See **Exhibit 2**, attached hereto.

23.    Moreover, the Plaintiff admitted in its Response at ¶ 25 that it has been cited for violating City Ordinances three (3) times, yet the Plaintiff argues therein that these citations are not violations of the City's rules for operating a club. Plaintiff's Response, ¶ 26.

24.    The Plaintiff's argument that the club's violations of City of Clanton Ordinances are not violations of the City's rules for operating a club is without

---

[4] Following Paragraph 19 in Plaintiff's Response, the Plaintiff cites law from the 5th Circuit, the 6th Circuit, and the State of Connecticut, none of which are controlling in the instant case.

merit.  The two noise Ordinance violations and the violation for operating a pool table on the club's premises are as applicable to the Plaintiff's business as they are to any business.  See, e.g., O'Bar v. Town of Rainbow City, 112 So.2d 790 (Ala. 1959) ("Evidence was also adduced that the Skyline Club was objectionable to residents of the community who lived in the vicinity of said club because of the loud music which is played there until two or three o'clock a. m., loud talking, hollering, and general boisterous disturbances."  Id. at 791.).

25.    The Plaintiff at present and since approximately September 30, 2007, has not had a liquor (or "club") license.[5]  However, if Plaintiff did hold a license (which Defendant adamantly denies), failure to meet the requirements of a license under the Ordinance is sufficient reason for revoking the same.   Further, the City clarified in the amendment to the Minutes of the City Council Meeting its reasons for voting not to reissue a liquor (or "club") license to the Plaintiff, due to numerous violations of the City of Clanton's rules for operating a club, including not having a current license.  Finally, the Plaintiff admitted that it has violated City of Clanton Ordinances on at least three prior occasions, all in early 2007. As such, there is direct evidence that the Defendant's vote not to reissue the Plaintiff's

---

[5] The Plaintiff argued in its Response at ¶ 31 that "whether the City 'revoked' the Club License or simply voted not to issue and/or renew the license is not necessarily the point."  On the contrary, this issue is *exactly* the point, as the Plaintiff had no license to revoke!

liquor (or "club") license was not arbitrary and capricious.  Therefore, Plaintiff's

Complaint is due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, this Honorable Court should

abstain from hearing the instant case and dismiss it in favor of the Alabama State

Court hearing the same.  Otherwise, this matter is due to be dismissed, as the

Plaintiff argued a moot point and failed to state a claim upon which relief can be

granted in the form of a Due Process violation.


 /s/ James W. Porter, II
James W. Porter II, one of the attorneys
for Defendant, The City of Clanton
State Bar ID ASB 3314 T79J
State Code POR001



 /s/ Christy Lynn Sherbrook
Christy Lynn Sherbrook, one of the
attorneys for Defendant, The City of
Clanton
State Bar ID ASB 2409 H65S
State Code SHE094

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744

17

*CERTIFICATE OF SERVICE*

I do hereby certify that on the   **17TH**   day of **March, 2008** a copy of the above and foregoing was served by copy of same using the Ala Court E-Filing System.  For any of the service members listed as not served by the Ala Court E-Filing system, I do hereby certify that a copy of the above and foregoing will be served by placing a copy of same in the U.S. Mail with proper postage prepaid by the filer listed below.

James S. Ward
Kenneth Joe Wilson, Jr.
Ward & Wilson, LLC
2100 Southbridge Parkway, Suite 580
Birmingham, Alabama 35209

  /s/ James W. Porter, II
OF COUNSEL

18

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SILVER STEER, INC., d/b/a
    Zona Rosa Nightclub,

        Petitioner/Plaintiff,

v.

THE CITY OF CLANTON, ALABAMA,

        Respondent/Defendant.



CIVIL ACTION NO.: 2:08-CV-136-MEF

## AFFIDAVIT

STATE OF ALABAMA     )
COUNTY OF CHILTON     )

Comes now the undersigned and, after being duly sworn, makes the following affidavit:

My name is Debra Orange. I am over the age of 19 years and I make this affidavit based upon my own personal knowledge.

I am the City Clerk of the City of Clanton, which is located in Chilton County, Alabama. With regard to the matter of Silver Steer, Inc. d/b/a Zona Rosa Nightclub v. Alabama Alcoholic Beverage Control Board and the City of Clanton, Alabama, I hereby attest as follows:

1.     The club license of Silver Steer, Inc. d/b/a Zona Rosa Nightclub expired on or about September 30, 2007.

2.    No one representing Silver Steer, Inc. d/b/a Zona Rosa Nightclub,
      including Mr. Anwar Sultan, attempted to purchase a club license
      from the City of Clanton from the time of the expiration of the club
      license on or about September 30, 2007 until sometime in January
      2008 and again on February 28, 2008.

3.    I did not sell Mr. Sultan a club license for the Silver Steer, Inc. d/b/a
      Zona Rosa Nightclub in January 2008, as the Mayor told me not to
      renew said club license until after the City Council met and decided
      what action it wanted to take as it pertains to the Silver Steer, Inc.
      d/b/a Zona Rosa Nightclub.

4.    I did not sell Mr. Sultan a club license for the Silver Steer, Inc. d/b/a
      Zona Rosa Nightclub on February 28, 2008, as the City Council voted
      not to issue a new club license to said club.

5.    I read the Affidavit of Mr. Anwar Sultan and explicitly deny that Mr.
      Sultan came to the City of Clanton to apply for said club license but
      for what he refers to his "third visit" in January of 2008.

6.    In particular, Mr. Sultan included a photocopy of a "Post-It-Note"
      with his Affidavit that read: "I cannot sell you a license at this time"
      and the numbers "755-4051."

7.     I wrote "I cannot sell you a license at this time" on that "Post-It-Note"

when Mr. Sultan came into my office in January of 2008, as Mr.

Sultan stated that he "did not understand what I was saying." I did

not write the numbers "755-4051" on that "Post-It-Note." Mr. Sultan

did not "ask [me] to make a written note about the City's refusal to

accept payment for [his] license."


Further Affiant saith not.


Debra Orange
Debra Orange


STATE OF ALABAMA          )
COUNTY OF CHILTON          )

     Before me, the undersigned Notary Public in and for the State of Alabama at
Large, personally appeared <u>Debra Orange</u>, and after being first duly sworn, did
depose and say that the statements in the foregoing Affidavit are true and correct.

     Given under my hand and official seal this, the 4ᵗʰ day of
March , 2008.


Michelle E. Headley
Notary Public          My Commission Exp 01/18/2011
My commission expires:_____

STATE OF ALABAMA                                   **REGULAR MEETING**

**CHILTON COUNTY**                                 **FEBRUARY 25, 2008**

THE CITY COUNCIL OF THE CITY OF CLANTON, ALABAMA, COUNTY OF CHILTON, MET IN
REGULAR SESSION AT THE CLANTON CITY HALL AT 5:00 P.M. ON FEBRUARY 25, 2008.
MAYOR BILLY JOE DRIVER CALLED THE MEETING TO ORDER, UPON ROLL CALL THE
FOLLOWING WERE FOUND TO BE PRESENT:

BILLY JOE DRIVER
MAYOR

RONALD PORTER
ANN BAKER
ROBERT K. EASTERLING
MARY MELL SMITH
COUNCILMEMBERS

JOHN HOLLIS JACKSON, JR, ATTORNEY
JOHN HOLLIS JACKSON, III, ATTORNEY
DEBRA ORANGE, CITY CLERK

THOSE FOUND TO BE ABSENT: ELEM HILL

COUNCILMEMBER EASTERLING MADE THE MOTION TO APPROVE THE MINUTES OF
FEBRUARY 11, 2008. THE MOTION WAS SECONDED BY COUNCILMEMBER SMITH, VOTE IN
FAVOR WAS UNANIMOUS.

COUNCILMEMBER BAKER MADE THE MOTION TO APPROVE THE FOLLOWING BILLS FOR
PAYMENT. THE MOTION WAS SECONDED BY COUNCILMEMBER PORTER, VOTE IN FAVOR
WAS UNANIMOUS.

| | |
|---|---|
| INGRAM EQUIPMENT COMPANY, LLC | $111,013.00 |
| PETTY LINE CONSTRUCTION CO., INC. | 7,054.82 |
| TAYLOR-MADE TRANSPORTATION, INC. | 14,893.73 |
| W.H. THOMAS OIL CO., INC. | 16,645.75 |

CARL ZEIGLER CAME BEFORE THE COUNCIL REPRESENTING THE WEST END
NEIGHBORHOOD WATCH; HE EXPRESSED CONCERNS ABOUT LIMB PICK-UP, THE STREET
SWEEPER BEING USED IN THAT AREA AND THE POLICE SUB-STATION BEING MANNED.

THE RETAIL BEER AND WINE LICENSE FOR VELEDA POPWELL DOING BUSINESS AS
SHINE'S QUICK STOP LOCATED AT 3504 7TH STREET NORTH WAS PRESENTED FOR THE
FIRST TIME.

COUNCILMEMBER EASTERLING MADE THE MOTION TO APPOVE JAMARIUS PARKER FOR
FULL-TIME EFFECTIVE FEBRUARY 16, 2008 IN THE SANITATION DEPARTMENT. THE
MOTION WAS SECONDED BY COUNCILMEMBER BAKER, VOTE IN FAVOR WAS
UNANIMOUS.

COUNCILMEMBER PORTER MADE THE MOTION TO SEND OUT BIDS ON THE REPAIR OF THE
FORD TRACTOR IN THE STREET DEPARTMENT. THE MOTION WAS SECONDED BY
COUNCILMEMBER BAKER, VOTE IN FAVOR WAS UNANIMOUS.

COUNCILMEMBER BAKER MADE THE MOTION TO HIRE DEBORAH CULP AT THE SENIOR CENTER AT MIMIMUM WAGE FOR FIFTEEN HOURS PER WEEK UNTIL ESSIE DOWNING RETURNS TO WORK. THE MOTION WAS SECONDED BY COUNCILMEMBER EASTERLING, VOTE IN FAVOR WAS UNANIMOUS.

COUNCILMEMBER EASTERLING MADE THE MOTION TO CORRECT THE MINUTES OF JANUARY 14, 2008 CONCERNING THE CLUB LICENSE FOR SILVER STEER DOING BUSINESS AS ZONA ROSA BECAUSE OF A LANGUAGE ERROR. THE MOTION WAS SECONDED BY COUNCILMEMBER SMITH, VOTE IN FAVOR WAS UNANIMOUS.

COUNCILMEMBER EASTERLING MADE THE MOTION THAT THE CITY CLERK NOT REISSUE A CLUB LICENSE TO SILVER STEER, INC. D/B/A ZONA ROSA, DUE TO NUMEROUS VIOLATIONS OF THE CITY OF CLANTON'S RULES FOR OPERATING A CLUB, INCLUDING NOT HAVING A CURRENT LICENSE. THE MOTION WAS SECONDED BY COUNCILMEMBER SMITH, VOTE IN FAVOR WAS UNANIMOUS.

THERE BEING NO FURTHER BUSINESS TO COME BEFORE THE COUNCIL, UPON MOTION DULY MADE BY COUNCILMEMBER EASTERLING AND SECONDED BY COUNCILMEMBER SMITH, THE MEETING WAS ADJOURNED.

READ, APPROVED AND ADOPTED THIS THE 10TH DAY OF MARCH 2008.

BILLY JOE DRIVER, MAYOR

ATTEST:

DEBRA ORANGE, CITY CLERK